THE EASTERN BRIDGE AND STRUCTURAL COMPANY *vs.*
THE CURTIS BUILDING COMPANY.

\* Third Judicial District, New Haven, June Term, 1915.

THAYER, RORABACK, WHEELER, BEACH and BENNETT, Js.

In an action to recover for structural iron and steel furnished by the
plaintiff to the defendant, a building contractor, pursuant to a
written agreement between them, the parties were at issue as to
whether damages for the plaintiff's delay in the erection of certain
"sidewalk lights" were to be allowed under article seven of their
agreement, which called for one twentieth of one per cent of the
total amount of the contract for each day's delay upon the part of
the plaintiff, or under article eleven, which stated the total amount
to be paid provided the deliveries were made as stipulated,
and, in case they were not, a smaller sum, plus a penalty of $5 a
day for each day's delay. *Held* that the trial court correctly
ruled that article eleven had reference only to the structural steel
and iron which the plaintiff was to deliver for the construction of
the several floors and roof of the building, and that damages for
delay in completing the building due to a failure to seasonably
erect the sidewalk lights were recoverable under the provisions of
article seven.

A written instrument is to be construed as a whole, and effect is to be
given, if possible, to all its provisions.

This rule applies as well to instruments partly printed and partly
written as to those wholly printed or wholly written.

Clauses of a written instrument which are apparently inconsistent
should be reconciled, if that can be accomplished by any reason-
able construction, since it is not to be assumed that the parties
intended to insert repugnant provisions.

Argued June 3d—decided July 16th, 1915.

ACTION to recover an alleged balance due for work
and labor and materials furnished, brought to and tried
by the Court of Common Pleas in Hartford County,
*Smith, J.;* facts found and judgment rendered for the
plaintiff for $301, and appeal by the defendant. *No
error.*

\* Transferred from first judicial district.

*Bernard F. Gaffney,* for the appellant (defendant).

*Theodore M. Maltbie,* for the appellee (plaintiff).

RORABACK, J. The plaintiff is a manufacturer of structural iron and steel work in Worcester, Massachusetts. The defendant is a building contractor in the city of New Britain. In 1911 the defendant had a contract with a Mr. Alford for the erection of a five-story brick building located in New Britain. The ground floor and basement of this building were to be used for stores, and the upper floors were to be used for tenements. In the construction of the building certain iron and steel were to be used, and the defendant entered into a written contract with the plaintiff to furnish this class of material. The plaintiff delivered the steel and iron work for the building, required under the contract, at and before the time provided for its delivery in article eight. The sidewalk lights were to be made of iron and glass, and were to be erected over an excavation under the sidewalk in front of the building, and were intended to light, in part, the cellar or basement of the building. The plaintiff delayed the erection of the sidewalk lights for a period of thirteen days. The trial court allowed damages for this delay under the provisions of article seven of the contract. The defendant contended that these damages for this delay should have been assessed under the terms of article eleven of the contract. The court did not so rule. This action presents the principal question raised by the appeal.

The provisions of the contract relating to this question are as follows: "Article I. The contractor [the plaintiff], under the direction of Isaac A. Allen, Jr. (called the architect), appointed by the owner as his agent for the purpose of his contract, will provide all

the materials and perform all the work for furnishing iron and steel f. o. b. cars, New Britain, Conn. Also the sidewalk lights erected, for Alford Building located at New Britain, Conn., as shown on the drawings and called for in the iron Specifications pages 17 to 21 inc. identified by the initials of the parties. If the party of first part [the defendant] wishes to furnish and set the sidewalk lights, party of second part [the plaintiff] will make an allowance of one hundred and ninety dollars ($190.00) for the same."

"Art. VII. The owner [the defendant] agrees to perform all labor and provide and erect all material not included in this contract at such times and in such manner as not to cause loss and damage to the contractor or to delay the progress of the work; and agrees that in the event of failure to do so he will reimburse the contractor for any loss and damage caused by such default. And the contractor agrees that if he shall delay the completion of the building so as to cause the owner loss or damage, then the contractor will pay the owner the sum of one-twentieth of one per cent. of the total amount of this contract for each and every working day, after due allowance for delays provided for in the contract, that his work remains uncompleted after final date set for completion; such payment or payments to be liquidated damages and not penalty, being fixed and agreed upon in view of the difficulties of ascertaining the exact damages that may be suffered by reason of delay."

"Art. VIII. Subject to the provisions of this contract, the contractor agrees that he will deliver the several portions and the whole of the work covered by this contract at the following times:

"F. O. B. New Britain, Conn. Shipped 3/30/11, steel and iron work for first floor, April 6, '11, or before. Shipped 4/12/11, steel and iron work for second floor,

April 20, '11, or before. 4/15 and 4.25, steel and iron work for remaining floors and roof, May 8, '11, or before."

"Art. XI. The owner will pay the contractor for the said work the sum of Twenty Hundred and Eighty-five Dollars ($2,085) provided the above deliveries are made or provided the material is delivered in New Britain, Conn. so that the progress of the building is not hindered. Again if the above deliveries are not made and the progress of the building is thereby impeded the price will be Twenty Hundred and Twenty-five Dollars ($2,025) and subject to a penalty of Five Dollars ($5) per day for each and every working day which the progress of the building suffers because of the failure of party of the second part to make above deliveries."

Article seven of the contract is a part of the printed form of the contract, article eleven is in part typewritten and in part a portion of the printed part of the contract.

It is claimed that, inasmuch as the court below found that the progress of the building had been delayed by the plaintiff for thirteen days, it could not recover the maximum price of $2,085 for the performance of the contract, and that it should have been limited in its recovery to the sum of $2,025, the minimum price for the performance of the agreement. The defendant also claimed that, under article eleven of the contract, the plaintiff should have forfeited the sum of $5 per day for every day that the progress of the building was delayed.

The eleventh article of the contract, when read in connection with the eighth article thereof, shows that that claim is without foundation. It appears that article eleven relates only to structural steel and iron which the plaintiff was to deliver for the construction

of the several floors and the roof of the building. This portion of the contract is silent as to delivery of materials for the sidewalk lights. The trial court has found that the plaintiff delivered, at New Britain, the steel and iron work for the building called for in the iron specifications, at or before the time provided for such delivery in article eight of the contract. No claim was made in the trial of the case in the court below that the progress of the building was impeded or delayed by noncompliance with this provision of the contract. The only claim of the defendant upon this point was that the plaintiff, after notice to erect the "sidewalk lights," unreasonably delayed their erection, and thereby delayed and impeded the progress of the building. This claim the court sustained. The claim now made by the defendant, that article eleven of the contract furnished a basis for damages on account of delay in the erection of sidewalk lights, has no basis in any fact found.

It is apparent that it was the intention of the parties that the agreement as to the sidewalk lights should be treated as a distinct part of the plaintiff's undertaking. The first and most important part of the written agreement relates to the delivery of iron and steel that was to be used for the main building. The dates of these deliveries are carefully fixed in article eight of the contract. The defendant had the option to furnish and deliver the sidewalk lights. The finding shows that the building had to reach a certain stage of completion before the proper measurements for covering the excavation under the sidewalk could be made. This did not occur until almost two months after the time limited for the delivery which the plaintiff was to, and did, make of iron and steel under the provisions of article eight of the contract.

It is the duty of courts to give effect, if possible, to

all of the terms of an agreement. The construction has to be made upon the consideration of the whole of the instrument, and not upon one or more clauses contained therein. This rule applies as well to instruments partly printed and partly written, as to those wholly printed or wholly written. Where two clauses which are apparently inconsistent may be reconciled by any reasonable construction, that construction must be given, because it cannot be assumed that the parties intended to insert inconsistent and repugnant provisions.

The typewritten part of the contract in question is not entirely inconsistent with that contained in the printed portion thereof. The whole was properly considered by the court below as meaning that the penalties provided in article eleven refer only to such deliveries as are mentioned in article eight, and that damages for any unreasonable delay in the construction of sidewalk lights were to be estimated under the stipulations of article seven of the contract.

There is no error.

In this opinion the other judges concurred.